(140 App. Div. 404.)

FRIEDMAN v. BATES.

(Supreme Court, Appellate Division, First Department.  November 2, 1910.)

ELECTIONS (§ 131*)—PRIMARY CONVENTIONS—CONDITIONS PRECEDENT TO HOLD-
ING.

Under Election Law (Laws 1909, c. 22 [Consol. Laws, c. 17]) § 3, pro-
viding that the custodian of the records of a primary election shall can-
vass the statements filed with him as to the result of the election and
prepare a list of the delegates to the convention, which shall be delivered
to its secretary, such canvass and the preparation and delivery of such
list are conditions precedent to the organization of the convention, only
such persons as are determined to be delegates by the list having author-
ity to organize.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 131.*]

Appeal from Special Term, New York County.

Proceeding by Harold J. Friedman against Lindon Bates, Jr.  On
appeal from an order of the Special Term, reversing the determina-
tion of the Board of Elections refusing to sustain the objection to the
certificate of nomination of said Bates as member of the Assembly.
Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and MILLER, JJ.

Elihu Root, Jr., and Abm. G. Meyer, for appellant.
A. W. Stump, for respondent.

PER CURIAM.  Section 3 of the election law (being chapter 22 of
the Laws of 1909 [Consol. Laws, c. 17]) expressly provide that the
custodian of primary records shall canvass the statements filed with
him as the result of the primary election, and shall thereupon prepare
certified statements of the result of the primary elections of each
party participating therein, and shall make up the rolls of the conven-
tions for which delegates were elected at such primary elections, and
shall promptly mail and, if requested, deliver one copy thereof to the
respective secretaries of the proper political committees of the several
parties participating in such primary election.  It was also made the
duty of the custodian of primary records to prepare a certified tran-
script of such statement and deliver the same to any individual or po-
litical committee on payment of the fees prescribed therefor.  He is
also required to deliver upon demand to a person who by the state-
ment so filed and canvassed is shown to have been elected as delegate
to a convention a certificate of his election, and such certificate shall
be sufficient to entitle the person named therein to be admitted to the
convention to which he has been elected.  And section 67 of the act
provides that the person selected to call the convention to order is to
have the custody of the roll of the convention until it shall have been
organized.

It is thus by the statute made a condition of the assemblage of a
convention elected at a primary election that the result of the election
shall be canvassed by the custodian of primary records, who shall as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a result of that canvass prepare a list of those elected delegates to the convention, which is to be delivered to the secretary of the political committee of the party participating in such primary. election, and that list, so prepared, is the roll of the convention. Until such a canvass is had, and such a roll prepared and delivered, there can be no convention organized under the statute; and it is only the members who are thus determined to be delegates to the convention who can organize the convention. Matter of Thomas, 128 App. Div. 330, 112 N. Y. Supp. 664; Matter of Byrne, 128 App. Div. 334, 112 N. Y. Supp. 699. It is conceded that the members of the convention, who met and made the nomination to which objection is made, were not the persons certified by the custodian of primary records as the persons elected as delegates to this convention. It follows that the nomination made by this body was not a regular nomination, entitling it to go upon the official ballot.

The order should be affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.